(C. D. 1997)

BORDER BROKERAGE COMPANY *v.* UNITED STATES

United States Customs Court, Third Division

(Decided May 21, 1958)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiff.
*George Cochran Doub*, Assistant Attorney General (*Richard E. FitzGibbon, Mollie Strum*, and *Sheila N. Schwartz*, trial attorneys), for the defendant.

Before JOHNSON, DONLON, and RICHARDSON, Judges; JOHNSON, J., and RICHARDSON, J., concurring

DONLON, Judge: Mincemeat, imported in 1953, was classified by the collector at Seattle as a mixture of two or more fruits, prepared or preserved, dutiable under paragraph 752, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, by virtue of the mixed materials clause of paragraph 1559. Assessment at the ad valorem rate of 17½ per centum was on the value of the mincemeat and the glass jars in which the mincemeat was contained.

The case has been reopened twice since the original submission; once on plaintiff's motion for leave to introduce further evidence by stipulation; and again on the court's own motion, after briefs were filed, in order to permit amendment of the protest to clarify the issues that had been argued.

Plaintiff's protest, as originally filed, claimed classification under paragraph 1558, as a nonenumerated manufactured article. By amendment, plaintiff claims, alternatively, classification, by virtue of the mixed materials clause of paragraph 1559, either under paragraph 734 as apples, dried, or under paragraph 742 as currants or raisins from sultana grapes, or as raisins from seedless grapes, "other," or as raisins from other than seedless grapes, dutiable at the appropriate specific rates. Likewise, by protest amendment, plaintiff claims that the glass jars containing the mincemeat should be classified under paragraph 217, with duty at 1 cent or 1½ cents per pound.

The official papers are not in evidence. No testimony was introduced. The record before us consists of two stipulations of fact

offered by plaintiff, one on trial, and the other, after trial, by submission in writing, accepted by the court.

The parties requested leave to file briefs, and these are before us. Defendant refers us to no decided cases in support of the arguments which it advances. Plaintiff devotes a considerable part of its brief to arguments invoking the mixed materials clause of paragraph 1559. However the misunderstanding arose (and since the official papers are not in evidence, we do not know), defendant makes it clear that the collector's classification did invoke the mixed materials clause of paragraph 1559. That much, it seems, is conceded.

The issue, then, simmers down to whether the component material of this mincemeat, of chief value, is a mixture of prepared or preserved fruits, as the collector asserts, or whether such component material is currants or apples or some kind of raisins, as plaintiff claims in its amended protest.

The only facts on record, with respect to component materials of this mincemeat, are as follows:

MR. TUTTLE: It is hereby stipulated that the merchandise consists of a mixture of prepared or preserved fruits and of suet, vinegar, citrus peel, pectin, soda benzoate, caramel color and spice oil, and that the currants are the single component having the greatest value and also, that the merchandise was packed in glass jars. I propose also that the prepared or preserved fruits which I referred to, that they consist of currants, raisins, apples and I will take the citrus peels out of other material—and citrus peels.

MISS STRUM: The Government will so stipulate on the advice of Mr. Birks.

The mixed materials clause of paragraph 1559 was repealed in the Customs Simplification Act of 1954, T. D. 53599, but it was effective in 1953, at the time of importation of this merchandise. In relevant part, paragraph 1559 then included the following provision:

* * * on articles not enumerated, manufactured of two or more materials, the duty shall be assessed at the highest rate at which the same would be chargeable if composed wholly of the component material thereof of chief value; and the words "component material of chief value," wherever used in this Act, shall be held to mean that component material which shall exceed in value any other single component material of the article; and the value of each component material shall be determined by the ascertained value of such material in its condition as found in the article.

There seems no question that mincemeat is a nonenumerated manufactured article. There is no question that the mixed materials clause of paragraph 1559 is properly applicable to determine classification of this mincemeat. The question is, on the record here developed, what is the "component material" of chief value.

Defendant says that the "component material" of chief value in this mincemeat is the material specified in paragraph 752, that is, "mixtures of two or more fruits, prepared or preserved * * *." Plaintiff has the double burden of overcoming the presumption of correct-

ness that attaches to the liquidation and also of establishing, by competent proofs, at least one of the several classifications claimed in its amended protest.

In our opinion, plaintiff has not met its burden of proof. We have before us no evidence as to how this mincemeat was prepared. The facts stipulated concede that one of the constituents was "a mixture of prepared or preserved fruits" and that this mixture consisted of currants, raisins, apples, and citrus peel. It was also stipulated that currants "are the single component having the greatest value * * *."

While plaintiff's brief cites cases in support of its argument that the mixed materials clause of paragraph 1559 should be invoked, a proposition which, as noted earlier, is not in controversy, plaintiff cites no cases in support of its contention that individual fruits which were part of the mixture of fruits are a component material, for purposes of paragraph 1559, rather than the fruit mixture itself. Since defendant also cites no cases, we conclude that both parties have deemed this to be a novel issue. With this we do not agree.

While there seem to be no recent cases on all fours with the problem here presented, there are old cases which make it clear that component materials of an article that is manufactured of mixed materials are the materials as they exist "at that stage of manufacture requisite to enter into the completed article under consideration." *Andresen & Co.*, 6 Treas. Dec. 1035, T. D. 24856, cited by our appeals court in *Turner & Co. et al.* v. *United States,* 12 Ct. Cust. Appls. 48, at page 51.

The completed article here under consideration is mincemeat. Absent proofs as to the stages of mincemeat manufacture, final or intermediate, it appears to be inferable from the facts stipulated that, at the final stage of manufacture of this mincemeat, the apples, raisins, currants, and citrus peels had lost their identity as such and had become "a mixture of prepared or preserved fruits" at the time when they entered into the completed article, that is, the mincemeat.

If this is the fact, plaintiff has lost its case. If this is not the fact, plaintiff has not shown that it is not. In either event, plaintiff has not overcome the presumption of correctness that attaches to the collector's classification. *United States* v. *Mrs. S. Bacharach,* 18 C. C. P. A. (Customs) 353.

The collector's finding that the component material of chief value is a mixture of prepared or preserved fruits, is not overcome by proof that one of the fruit "components" of that material, namely, currants, was of chief value.

No issue remains as to separate classification of the glass jar containers of the mincemeat, in view of our finding that plaintiff has not shown entitlement to classification at specific duty rates.

For the reasons stated, the protest is overruled. Judgment will be entered accordingly.

CONCURRING OPINION

JOHNSON, Judge:   In view of the meager record presented, I concur in the result.

It is well settled that the proper method of determining component material of chief value is to ascertain the costs of the component materials at the time they are ready to be assembled into the completed article.   *United States* v. *Mrs. S. Bacharach*, 18 C. C. P. A. (Customs) 353, T. D. 44612; *United States* v. *Rice-Stix Dry Goods Co.*, 19 C. C. P. A. (Customs) 232, T. D. 45337; *United States* v. *H. A. Caesar & Co.*, 32 C. C. P. A. (Customs) 142, C. A. D. 299.   The question here is what is the single component material of chief value— the mixture of prepared or preserved fruits or the currants.   It has been held that where an article is completed in two stages of manufacture, the first combining some of the materials, and the second combining the material produced in the first stage with other materials, the values of the single component materials must be taken as of the time each one is ready to be united with other materials.   *Swiss Manufactures Association, Inc., et al.* v. *United States*, 39 Cust. Ct. 227, C. D. 1933, appeal dismissed, February 6, 1958.   However, it has also been held that ingredients of materials should not be considered as individual components in determining component material of chief value.   *Vandergrift Forwarding Co. et al.* v. *United States*, 37 Cust. Ct. 18, C. D. 1793.

Since no evidence has been presented establishing how the instant merchandise was manufactured, I express no opinion as to what constitutes the single component material therein.